**Maria Wilson, Appellant,**

v.

**Judy Van Keuren, Dennis Marshall,**
**and Van's Trading Company, Appellees.**
**Decided November 18, 1994**

## OPINION

Before YAZZIE, Chief Justice, and AUSTIN, Associate Justice.

Richard George, Esq., Tuba City, Navajo Nation (Arizona), for the Appellant; and Kevin Heinonen, Esq., Flagstaff, Arizona, for the Appellees.

Opinion delivered by AUSTIN, Associate Justice.

This case serves as a reminder to parties and their attorneys that Navajo statutory and common law prohibit interlocutory appeals in Navajo courts. The purpose for this rule is to discourage "piecemeal litigation," that would tax the Navajo Nation's already overburdened courts. *McClellan v. McClellan*, 5 Nav. R. 204, 205 (1987). Parties and their attorneys who violate this rule, as in this case, may be ordered to pay opposing parties' costs and attorney's fees.

The relevant facts of this case are simple. Plaintiff Maria Wilson (Appellant) filed a complaint against the Defendants, Judy Van Keuren, Dennis Marshall, and Van's Trading Company (Appellees). The Appellees timely filed an answer. The Appellant's counsel claimed that the Appellees failed to serve them with a copy of the answer. The Appellant then filed a motion for entry of default against the Appellees. As a result of a telephone conversation between counsel for both parties, the Appellees claim that the Appellant refused to withdraw the motion for entry of default, while the Appellant claims that the Appellees' counsel advised her counsel to let the court rule on the motion.

On August 15, 1994, the district court denied the motion for entry of default and ordered attorney's fees and costs to be assessed against the Appellant for failing to adequately investigate the facts underlying the motion. At that time, the district court had not yet ruled on the merits of the case, and has still not judged the case on the merits. The Appellant appeals the district court's order.

# I

The central issue in this case is whether the district court's order is a final order for purposes of an appeal. The Navajo Nation Code permits parties to appeal only final orders: "Every person aggrieved by any ... *final order* of the District Court of the Navajo Nation ... shall within 30 days ... appeal to the Supreme Court." 7 N.T.C. § 801(a) (Supp. 1984-85) (emphasis added). If the district court's order is not final, the Code bars a party from appealing.

We have developed a three-part test to determine whether a court's action amounts to a final order. In *Chuska Energy Co. v. Navajo Tax Comm'n*, we stated that, "[t]he Supreme Court is unavailable for review until all the substantial rights of the parties have been determined .... The case must be fully adjudicated on the merits, and the entry of the final decision must preclude further proceedings in the lower tribunal." 5 Nav. R. 98, 102 (1986), *see e.g., Tsosie v. Charlee*, 6 Nav. R. 280, 282 (1990) (holding that the order awarding child support and arrearages was a final appealable order); *Billie v. Abbott*, 5 Nav. R. 201, 202- 203 (1987) (applying *Chuska* and holding that denial of a motion to dismiss for lack of jurisdiction was not a final appealable order); *McClellan*, 5 Nav. R. at 205 (citing *Chuska* with approval and holding that order denying motion to dismiss is not an appealable final order); *see also, Peterson v. Wayne Lovelady's Frontier Ford Corp.*, 2 Nav. R. 44, 45 (1979) (stating that "there is no right to an interlocutory appeal."). Thus, if the Appellant fails any part of the *Chuska* test, then this Court does not have jurisdiction to hear her appeal.

The Appellant fails the first prong of the *Chuska* test: "[A]ll the substantial rights of the parties [must] have been determined." 5 Nav. R. at 102. The district court record shows that there have been no rulings on the merits of the case. The Appellant is therefore barred from appealing the district court's denial of her motion for entry of default.

Although the Appellant's failure to satisfy part one of the *Chuska* test is sufficient to dispense with the appeal, the Appellant also fails parts two and three of the test. Under prong two, "the case must be fully adjudicated on the merits." 5 Nav. R. at 102. Under prong three, "the entry of the final decision must preclude further proceedings in the lower tribunal." *Id.* Put another way, there cannot be "further proceedings remaining in the lower court on the merits of the case." *Tsosie*, 6 Nav. R. at 282. As noted above, the district court has yet to rule on the merits of the case. Thus, the Appellant also fails parts two and three of the *Chuska* test, and is barred from appealing the district court's denial of her motion for entry of default.

As we have said on other similar occasions, "[i]nterlocutory appeals are not allowed within the Navajo court system." *Billie*, 5 Nav. R. 201, 203 (citation omitted). Our holding today is consistent with that general rule which prohibits interlocutory appeals.

## II

The Appellees seek sanctions against the Appellant for filing a frivolous appeal. The Navajo Rules of Civil Appellate Procedure provides that where an appeal is "frivolous or taken solely for the purpose of delay ... the Supreme Court may impose upon the offending attorneys, or parties, or both ... penalties or damages (including contempt, withholding or imposing of costs, or imposing of attorney's fees)...." N.R.C.A.P. 29. Frivolous appeal is defined as "[O]ne in which no justifiable question has been presented and appeal is readily recognizable as devoid of merit in that there is little prospect that it can ever succeed." *Black's Law Dictionary* 601 (5th ed. 1979). Given established Navajo law on interlocutory appeals discussed above, this appeal comes well within the definition of frivolous appeal.

The Appellant has failed to present a justifiable question to this Court. The Appellant's interlocutory appeal is barred by both statutory and Navajo common law. Thus, the appeal is devoid of merit. Moreover, because the Appellant's appeal is barred by Navajo law, it cannot succeed. We hold that the appeal is frivolous.

The Appellant has forced the Appellees to incur attorney's fees and costs in defending this frivolous appeal. Therefore, we order both the Appellant and her attorney to pay the Appellees' attorney's fees and costs associated with defending this appeal. The Appellees' counsel shall file a statement with this Court showing the amount of fees and costs expended to defend the appeal.